Good morning, Your Honors. May it please the Court, I'm Emily Sauer, and along with my co-counsel, Kaiser Blakely, we represent the appellant, Charles Byrd. I will address the HEC issues for six minutes, and my co-counsel will address the excessive force and statute of limitations issues for six minutes. Okay, maybe I could start by asking you some HEC questions, then. Of course. There seems to be in the Ninth Circuit, if not exactly a split of authority, a split of application with respect to HEC when there has been a guilty plea. Yes, Your Honor. And OVE seems to stand for the proposition that if the conviction is derived from a plea, since no evidence was introduced when the plea was taken, that really no matter what is ultimately found with respect to the civil claims, that the 1983 case can't imply that the conviction was wrongly achieved. And then Lackett seems to stand for that same position, but Whitaker and Sajjar appear to come to the opposite conclusion. So, first, could you tell me if these cases can be reconciled? Your Honor, the only way that this case should not go en banc is if the Court finds that the line of cases that does not address this issue, which includes Guerrero, Whitaker, and Sajjar, that those cases are not controlling authority for the proposition. But surely they are controlling authority. I mean, they involve your situation. Your Honor, what we mean by that is that they're not necessarily, maybe they can't stand for the proposition of whether a conviction based on a plea can support a HEC bar. Let me offer a theory and see if you can shoot it down for me. It appears to me that in Sajjar and Whitaker, the crime was possession of something. And in both of those cases, the Court said whatever it said. I don't need to retell. Your case is possession of something also. So what if we read these cases as saying that when you plead guilty to possession of something, you can't challenge the search that resulted in the discovery of the something that you possessed? Your Honor, that would go against the binding Ninth Circuit precedent from Ove and from Locke. Ove deals, we dealt with this earlier with some of the other folks. The question is what's binding precedent and what's statements in an opinion? Ove deals with a different situation. Ove is drunk driving. There's evidence that the person was driving drunk. There's no evidence introduced, of course, because it's a guilty plea. And so the actual charge is a different one than possession of something. That's true in Locke also. So the distinction I see in my mind that I want you to try to deal with is when we deal with possession cases, doesn't Whitaker and Safer, however you pronounce it, say to us you can't challenge the search even after a guilty plea? No, Your Honor, and that's because the charge is immaterial in the question of whether a conviction based on a plea can support a HEC bar. The question is what the guilty plea is based on. And this really goes to the fact that a guilty plea is only based on the factual basis of the plea and not. I tend to agree with you, and I think the language in Ove is very broad. But in a post-Ove case, Whitaker, I think it's Judge Graber, says, but we got one area where that's not true. She doesn't discuss Ove, to be fair. That's right, Your Honor. But we have one area where that's not true, and that's the area when we deal with a search. And a search that leads to the very, a search on which the conviction must be based because it's based on possession. And so if we're trying to reconcile these decisions and not involve 11 of our colleagues in it, an experience you don't want to go through, why isn't that the right way to reconcile it? Your Honor, I think the sole important issue there is that whether the charge is possession or not, that's immaterial to the fact that the guilty plea is not based on any evidence. And that's also supported by the Supreme Court's precedent in Haring, which stated that while in the context of waiver rather than HEC, when a defendant is convicted pursuant to a guilty plea rather than a trial, the validity of his conviction cannot be affected by any Fourth Amendment violation. So you're arguing for that as being the limitation, is guilty pleas versus convictions at trial. That's right, Your Honor. So any guilty plea implicates, any guilty plea necessarily doesn't implicate at the HEC bar. Is that your argument? That's right, Your Honor, because it's not based on any evidence. And this Court has already called that. But we'd have to do that in Bank, wouldn't we? If the Court finds, the only way that the Court should not send this case on Bank is if it finds because Whitaker and Sazer and Guerrero do not address the question of whether a conviction based on a plea can support a HEC bar, because those cases are, the Court could potentially find that those cases are not controlling on that proposition. Well, but they do address the question. See, that's my problem. They actually squarely address the question and say the HEC bar doesn't apply under these circumstances. So we would have to find that they are flatly inconsistent with other Ninth Circuit cases in order for us to take the case in Bank. Your Honor, and if that's the case, we do think that this should be sent on Bank. If the Court finds that these two lines of cases are clearly irreconcilable, which here one line of cases addresses explicitly that convictions based on pleas are not barred by HEC because they're not based on any evidence that may have been seized illegally. Can I ask you one more question on your part of the case? What do you do with Smithart with respect to the legality of the arrest? Smithart says you may not challenge the legality of an arrest after a guilty plea. I don't know that it says that. It sure does. It says it applies the HEC bar to a 1983 claim that the police lacked probable cause to arrest a pleading defendant. It's a great case for you, by the way, because it allows the excessive force claim to proceed, and I'm sure your colleague is going to love the case for that reason. But why doesn't it bar any challenge to the arrest? Well, Your Honor, if anything, I think that that would go to even furthering the Inter-Circuit split. So you think Smithart has also been eviscerated by OVE? Well, OVE did analogize to Smithart for the excessive force claim. It cited it with approval, so it couldn't have overruled it, could it? Not necessarily, Your Honor, but OVE and Lockett do stand for the proposition. They're both of their clients were arrested. They both filed motions to suppress evidence at trial, and it was only after – No, I'm not talking about a motion to suppress evidence. Right, right. I understand your argument on that. They were arrested. Smithart says you can't challenge your arrest in a 1983 even after you've pleaded guilty. I apologize. Maybe I misunderstood your question, Your Honor. Mr. Byrd is not challenging his arrest. He's challenging the search and seizure in the way he was arrested. Well, I thought there were all kinds of claims in his complaint that they stopped him without probable cause because he was riding a bike with a light and everything from that. What followed from that is a tainted search. You're saying he's not making that claim, that his arrest was not based on the Fourth Amendment of probable cause? It may go to the fact that it is inartfully pled by a pro se prisoner, Your Honor, but Mr. Byrd is challenging the way in which he was arrested. You're very artful, and you're eloquent. So I guess my question is, are you making a claim in this case that the arrest was not based on probable cause? Because if you are, I think it's barred by Smithart. If you're not, then that's irrelevant. Your Honor, Mr. Byrd is not challenging the fact that he was arrested, just in the way that he was arrested. Now you're being artful. My question is, does Mr. Byrd contend that his arrest was not based on probable cause? I do not believe so, Your Honor. Okay. If there are any further questions, I'd like to turn it over to my colleague. I do have a further question. Sure. Is there any real distinction between a possession case and a DWI case as far as whether or not the evidence, if there was guilty plea with respect to each of these, as respect to whether or not there was any evidence presented when the plea was made? That's correct, Your Honor. The distinction that whether it's a charge for a DUI or whether it's a charge for possession is immaterial because the key point is that the conviction itself is not based on any evidence that may have been seized illegally, and that really goes to the purpose. Well, if there's a factual basis, then that would be considered evidence, right? It's evidence for the purpose of the plea, Your Honor, but it's not the evidence that may have been seized. No, I mean if the court, in taking the plea, requires an articulation of the factual basis that supports the plea, then at that point, don't we look at that to consider whether that's evidence to support the plea, beyond just the fact that I'm pleading guilty to this particular offense, so necessarily I'm admitting to the element, where you have a full factual basis, then you can look at that to determine what supports the plea, right? Yes, Your Honor. The court can look to the factual stipulation, but here Mr. Bird doesn't contest his factual stipulation, and because he's contesting the evidence that wasn't any part of his conviction, the purpose of Heck is satisfied because the purpose behind Heck, the Supreme Court had, was just to channel challenges to the fact or duration of an inmate's confinement through habeas corpus, rather than in 1983, so. All right. So in the case of Mr. Bird, for instance, he just said, I committed this crime. He didn't say anything about how it was that the evidence was obtained, demonstrating that he committed the crime. He just said, I committed the crime. That's correct, Your Honor, and that further goes to why his guilty plea does not undermine his conviction. Before I turn it over to my colleague, I'd just like to say that. Your colleague has an easier time, so. Regardless of whether the court sends this case to an en banc panel, we ask that the court publish its decision and cite to each of these cases and recognize that the law recognizes the difference between convictions based on pleas, as opposed to those obtained through trial. Before you sit down, I just want to make clear, your position necessarily requires that we determine that Whitaker and Sager were improperly decided. Unless this court chooses to send this case to an en banc panel, we think that there are two reasonable options here. You're really pushing us in that direction. No, Your Honor, we think that there are two reasonable outcomes here. If the court can find that the Whitaker line of cases is not controlling because it doesn't address the issue at all. No, no, but when you say something doesn't address an issue, that means it's improperly decided. So your position is that whoever decided these two cases got it wrong and that those cases, therefore, don't control. Yes, Your Honor, because they ignored binding Ninth Circuit precedent from Ove. Okay. Thank you. All right. Thank you. How much time did you intend to save for your colleague? Six minutes. I don't think he'll need it. All right. Well, I'm happy to give you extra time if there are questions that you need to respond to. Thank you, Your Honor. I'm Kaiser Blakely, counsel for appellant Mr. Charles Bird. I'll briefly address the excessive force claim and then turn to the statute of limitations. To survive a section 1915A claim, a complaint must contain sufficient factual matter, except it is true, to state a claim to relief that's plausible on its face. Additionally, pro se litigants' complaints are to be liberally construed. When we accept Bird's allegations as true, and especially when we construe them liberally, Bird's complaint states an excessive force claim that is plausible. On page 9 of the record, Bird alleges that he was doing nothing more than riding his bike without a light. Nonetheless, the officers pulled him over, continued to, quote, beat the crap out of Bird, and because of the officers' beating, Bird suffered several injuries, including 70 percent vision loss. On its face, this claim is plausible. Now, in Iqbal, the Supreme Court— Did the district court act properly in taking judicial notice, or should the district court have been limited to just the four corners of the complaint? So the district court did several things wrong, one of which was taking judicial notice of a fact that is subject to reasonable dispute, and that can be found on page 20 of the record. Does that matter? In other words, if the district court— let's assume that the district court properly took judicial notice of the fact that he was arrested for something different than riding a bike without a light. That still wouldn't have any bearing on your excessive force claim, would it? No, Your Honor, except it just goes to demonstrate that in dismissing Bird's complaint sua sponte at the screening stage, the district court did improper things to prejudice Bird's complaint. Now, as stated, Bird is a pro se litigant, and this court— All right, but I'm saying it really doesn't matter. Even if we assume that the court properly took notice of the arrest, that still doesn't diminish your claim that thereafter, as your client put it, they beat the crap out of him. Exactly. I mean, they're not entitled to beat the crap out of him if he was arrested for something different than riding a bicycle without a light, right? Yes. Even if the district court did not wrongly take judicial notice of a fact, that doesn't negate the fact that on his complaint, Bird stated a claim that is plausible, that the officers used excessive force in beating him. And therefore— Let me ask what your position is on— The district court did not dismiss because of statute of limitations, but it appears you've got a problem. What should we do with that? Well, not only was it not a basis of its decision, the statute of limitations wasn't even addressed or brought up in the district court. And pursuant to this court's precedent, because Bird was given no notice and no opportunity to argue that the statute of limitations should be equitably told, then the correct ruling would be to remand to the district court for further proceedings, which would include allowing Bird to explain why the statute of limitations should be told. We do want to reserve some time for rebuttal. So unless this court has any other questions— All right. Thank you. Thank you. May it please the Court. My name is Clarence Matherson, Jr., Assistant City Attorney for the City of Phoenix, and I'm here on behalf of, I guess, the interveners or appellees, the Phoenix Police Department or the City of Phoenix, and officers Robert McKinney and Timothy Tebow. Mr. Matherson, if you could just address first the excessive force claim, and only with respect to the officers for a moment. Why doesn't this state a claim? It may be that it didn't happen. That's a separate issue. But he says, I was pulled over and somebody beat the crap out of me. That sounds like a civil rights claim to me. Well, Your Honor, we would take issue with regard to the excessive force claim. And, you know, there are several points of an excessive force claim that we didn't address in our brief. But the main point that we would take issue with is the fact that he never alleged the type of force that the officers used. Do you think that if I just allege that the officers, he says they beat the crap out of me. He says I lost vision and I had broken bones. Does he have to allege the instrumentality by which the officers did that with bare fists as opposed to rocks or something? I would argue that he would, Your Honor. And the reason for that is so. But he amended the complaint to do that? He could amend the complaint. The district court gave him an opportunity to amend the complaint. And rather than take that opportunity to amend the complaint to address that issue. Because, again, what the Fourth Amendment requires is that the officers use no more force than is reasonable to affect the arrest. Tell me again why they beat the crap out of me, causing 70 percent vision loss. Why that's not enough under the liberal construction rule for pro se litigants. Your Honor, I would argue that beating the crap out of a person, while it sounds harsh, is not a type of force. Punching a suspect or striking a suspect with an open hand or striking a suspect with a baton or using a taser on a suspect. Those are all types of force. If you would look at the City of Phoenix use of force policy or guidelines, there is no guideline in there for an officer beating the crap out of a suspect. That's an inflammatory conclusion. Is the plaintiff required to refer to the City of Phoenix guidelines? I mean, this is a fairly specific complaint. I was stopped riding a bicycle. It wasn't a serious crime, he says. He may be wrong. He may have been stopped carrying a machine gun. We don't know because we haven't gotten to that point. And then the police, after they stopped me, beat the crap out of me, he says. That sounds to me like excessive force, doesn't it? We don't know, Your Honor. By the way, it may never have happened. We're not at that stage. Yes, we're not at that stage. Our defendants haven't even answered the complaint, if they are required to answer at some point. And, again, I would go back to the fact that if he had said the officers punched me, essentially beating the crap out of me, or struck me with a baton or used a taser on me, then we can understand that type of force. Beating the crap out of him is, again, it's an inflammatory statement. It is not a type of force that's ever been identified in any case law that I'm aware of. Usually we have situations like we had in the cases that were cited in the opening brief, where the officers used their body and put force on the suspect and held him down until they were no longer breathing. They handcuffed him severely or some other situation such as that. Again, and I'm not trying to sort of slice the pie thin, but beating the crap out of him is just not a type of force. I think it would be helpful for me when you finish with this to turn to the heck stuff, but I wanted to let you finish what you're doing. The only other thing that I would say is that the district court did give Mr. Byrd an opportunity to amend his complaint. Mr. Byrd took that opportunity, and rather than amending the complaint and addressing the issues that the court had, he essentially filed the same exact complaint. This court is aware that whether the district court has given him another opportunity, that's subject to abuse of discretion. I don't believe that the district court abused of discretion in allowing him to amend his complaint for the second time when he failed to even take the first opportunity and attempt to amend the complaint that the district court, or to address the issues that the district court raised in its order. So can you help us understand what the heck we're saying in the heck cases? Are our cases just a hopeless mess? Your Honor, I thought you did a really good job. Yeah, I know, but nobody else has said that. Judge Eaton's not all that impressed with what I had to say. Tell me what you think our cases said. I think you analyze it better than anybody that I have seen analyze it. The two cases that we're talking about involve the possession, some type of possession of some artifact, article, illegal substance. And maybe that is the difference between these two cases. The two cases don't make that distinction, do they? They do not make that distinction, but if you analyze it the way that you have, Your Honor, I can see where that distinction is made. My colleague says that the heck issue was never raised in Whitaker and Sazer. Well, it was raised. Ove wasn't distinguished, I guess, or Ove, however you pronounce it, wasn't distinguished. And I think what your colleagues are saying is, in a nice way, we're very confused. You're very confused, Ninth Circuit. You haven't done a very good job explaining this area. Maybe Judge Hurwitz has come up with a crazy explanation on the bench today, but the right thing to do is to move the thing to an en banc panel and let them sort this out. What's your response to that? Your Honor, I would argue that the en banc panel is not necessary in this circumstance. Clearly, when we have a plea agreement, although it's contractual in nature, that plea agreement is based on some substance. But what if there's a plea without a factual basis? Then what do we do with that? Because if you're saying that a plea agreement without a factual basis can also trigger the heck bar, then that essentially covers all plea, and then you're going to have to distinguish Ove or Ove at that point, right? Can we distinguish it by saying, well, we can look at the fact that this plea is without a factual basis, it doesn't necessarily invalidate the validity of his conviction, but in other circumstances where there is a factual basis, we can look to that as an evidentiary record to determine whether that would, you know, implicate the invalidity of the plea. Can we do it that way? I think that's a fairly good way to do it, Your Honor. I mean, I don't, although I don't think a factual basis... That's the case, but how would that apply to this case? Because we don't have a factual basis here. Well, I think we do have a little bit of a factual basis based on his, the... What's his plea in this case? The allocution and the, it was for possession. No, what's his plea? Is it no-lo or is it guilty? No, it was a guilty plea. It was not a no-lo contendere plea. It was a guilty plea. He provided or his counsel provided some factual basis for the plea agreement, and he consented that that factual basis was true and correct. So, you know, there is a little bit of a factual basis, even though... He said guilty to conspiracy to commit possession of a dangerous drug for sale under Arizona law, and he said, I did it. But in his allocution or elsewhere, did he say, and by the way, they stopped me, and by the way, they searched me, and by the way, they beat me up? No, Your Honor, he didn't go that far in the plea agreement, the allocution or the factual basis that was provided. He does do that in his habeas petition, which is one of the other issues that the district court found. So maybe we can go through the accounts in his 1983 complaint. And you can tell me why they'd be heck barred. The first one is a due process violation, that he was unlawfully stopped and searched. How would finding that he was illegally stopped and searched undermine his conviction? Your Honor, each one of his counts, except for the excessive force count, which arguably involves the Fourth Amendment search and seizure, he alleges that he was illegally stopped by these officers. But they're now, your colleagues are now saying he no longer contends he was illegally stopped. Well, I don't know. I think because Smithart says you, even before Ove, you couldn't raise a lack of probable cause in a 1983 action after you've pleaded guilty. Although I don't know how you would get to where he is, which is pleading guilty to a conspiracy count without also alleging. The question that Judge Eaton raises is an interesting one. Let's assume I'm really brilliant and I've made the distinction here. He didn't plead guilty to possession. He pleaded guilty to conspiracy to possess, right? Yes. So why would, even if we read those two cases, Whitaker and Safer, as applying to possession claims, would that be a bar to a case in which you're only suggesting, would you only plead to conspiracy to possess? After all, one need not possess something to be guilty of conspiracy to possess, right? Technically, you do not need to. I could conspire with Judge Wynn. I could say, I want you to go do something tomorrow, go pick up the drugs for me from Judge Eaton. I would never have possessed them, but we would be guilty of conspiracy to possess, right? I guess that would be true. So if my brilliant distinction is right, it doesn't work in this case, does it? I wouldn't necessarily go that far. I think you would have to look at the elements of the crime that he pled guilty to. But the elements of the crime conspiracy to possess do not require that one possess, correct? You're a good lawyer. You know that. Technically, you are right, Your Honor. Technically, it's all we do up here. I guess we would have to go back to the facts as we know them. That's why I asked you initially whether there's a factual basis in this case. Now, I think it's an interesting issue as to whether the court went beyond the screening function by taking judicial notice, because heck, is it affirmative defense? And I don't know that it's appropriate to get to that stage and take judicial notice of documents outside the four corners of the complaint. But the fact that there isn't a factual basis in this case is important, isn't it? Your Honor, I would argue that there is at least a modicum, a small amount of a factual basis which goes to his plea agreement. Clearly, the more of a factual basis that we have that allows the court to analyze and interpret those issues is better for the district court and also for this court. But I would argue that there is somewhat of a factual basis that would allow the district court to make the ruling that it made and to allow this court to affirm that ruling based on the evidence that was presented to the district court. What relevance does the 1983 action have, the habeas action have, I'm sorry? I think it helps to enlighten us as to what evidence, one, that he's alleging was improperly used against him in this case. But doesn't the habeas, we have AEDPA, and so in the habeas a judge would have to determine that the state court decision was, by the way, I'm not sure what state court decision is being challenged here. In the habeas it has to be his guilty plea, doesn't it? Yes, it has to be. So I'm not sure why that has any relevance to the challenges, to the actions that preceded his guilty plea. You keep referring to the habeas, but I take it the habeas was I didn't enter a voluntary plea. Yes, I mean he would have to, right? And so that doesn't really help us on this action, does it? Not as much, no, Your Honor. It doesn't help you. It doesn't help them either. Did you want to go through other claims as well? No, I think I got it. Thank you, and again, just wrapping up, the apologies were not, they've never been served. They've never answered this complaint. However, we would have asked that this court affirm the district court's finding in that Heck, Bard counts one, two, four, and five of the complaint, as well as the dismissal of his excessive force claim due to his one, the opportunity given to him to amend the complaint, and then his failure to address or amend the complaint at all. All right, thank you. Just a few brief points on rebuttal, Your Honors. First, just to echo your distinction that Bird's claim is a conspiracy to commit possession of dangerous drugs for sale, but also to emphasize that that distinction is immaterial for the issue of whether his conviction based on a plea is Heck, Bard. Well, I don't know. Maybe it should be material because you might win under it. In other words, if we read these cases as saying we have a special rule when you're charged with possession, which is to say you can't later say, gee, the search that showed that I had this stuff is no good. But I'm not sure why we should have the same rule for conspiracy to possess. Even if we read those cases that way, isn't conspiracy to possess a very different crime? Yes, Your Honor, it is. But regardless... That's one way to not deal directly with these other issues, which involves different, plea to different charges. And so, therefore, the analysis may differ, and rightly so. That's one way to handle it. You don't have to win on the basis that you came in today thinking you might win on. There might be some other way you might win. Potentially, Your Honor. But that's certainly not how these cases have held in the past. They haven't made a distinction based on a charge. In other words, we shouldn't start out from the assumption that one case is inconsistent with another. We ought to try to find some consistency. And that's what we're struggling with here. Of course, Your Honor. But I'd also like to just quickly point out that the district courts trying to reconcile these cases are struggling, as cited in the appellant's opening brief. There are several district courts that have even noted that there's some confusion surrounding this issue. There's also been inconsistent memorandum dispositions. The earliest was in 2013. Or, sorry, the most recent. I'm gratified by your faith that you think we can clear it up. And then finally, Your Honors, just to the note on factual basis, while courts always usually require a factual basis, there must be some minimum factual basis. The Supreme Court and the Ninth Circuit have held that it's not the evidence that's being challenged. And thus, for that reason, it's not headquartered. Thank you very much, and thank you for your participation in the program. And our sincere appreciation goes to Mr. Rosen as well for supervising in this case.
judges: Nguyen, Hurwitz, Eaton